IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

A-1 MORTGAGE CORPORATION,
        Plaintiff,                                  06cv0338

v.                                                 Electronically Filed

DAY ONE MORTGAGE, LLC, ET AL.,
        Defendants.

<u>Order of Court</u>

On May 18, 2006, this Court entered a non-jury pretrial order setting the final pretrial conference for December 7, 2006 at 8:00 a.m (doc. no. 28). On October 25, 2006, this Court entered a revised non-jury pretrial order (doc. no. 46) resetting the final pretrial conference for November 30, 2006 at 8:00 a.m.

Fed. R. Civ. P. 16 states, in pertinent part, as follows:

> **(d) Final Pretrial Conference.** Any final pretrial conference shall be held as close to the time of trial as reasonable under the circumstances. The participants at any such conference shall formulate a plan for trial, including a program for facilitating the admission of evidence. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.
>
> **(f) Sanctions**. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lief of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(d) and (f).

Despite having received notice of the final pretrial conference, plaintiff, however, failed to appear at said pretrial conference or to contact this Court to request an extension.[1] Further, this Court's law clerk attempted to contact plaintiff's counsel at approximately 8:15 a.m. this date, but was unable to reach counsel and left a voicemail message.

In light of plaintiff's obligation to proceed with the final pretrial conference pursuant to Fed. R. Civ. P. 16(d), and plaintiff's failure to appear at the final pretrial conference or to contact the Court, despite having notice of such, pursuant to Fed. R. Civ. P. 16(f) and 37 (b)(2)(C), the Court hereby sanctions plaintiff by dismissing this case. The non-jury trial currently scheduled for December 8, 2006 is hereby cancelled. The clerk shall mark the docket closed.

SO ORDERED this 30th day of November, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record as listed below

Jason A. Archinaco, Esquire
White & Williams
437 Grant Street
Suite 1001 Frick Building
Pittsburgh, PA 15219

Charles Christopher Hasson, Esquire
1370 Washington Pike, Suite 403
Bridgeville, PA 15017

---

[1]The Court notes that defendant also did not appear at the pretrial conference, but defendant has not participated in this case since August 11, 2006, which was the date of defendant's last filing.