IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A-1 MORTGAGE CORPORATION | CIVIL DIVISION |
| Plaintiff, | No. 06-cv-0338 |
| v | **JUDGE ARTHUR J. SCHWAB** |
| DAY ONE MORTGAGE, LLC, ZUR GOLDBLUM, and ZUR GOLDBLUM d/b/a DAY ONE MORTGAGE | |
| Defendant. | |

## ORDER OF COURT

AND NOW, this 3rd of January, 2007, upon consideration of plaintiff's motion for summary judgment (doc. no. 67), the Court hereby GRANTS plaintiff's motion on Counts I and II (violations of the Lanham Act) of plaintiff's complaint as the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Accordingly, the Court rules as follows:

1.  Plaintiff has a valid and legally protectable interest in the trade names / marks owned by it, "A-1 Mortgage," "A-1 Mortgage of Cranberry" and "A-1" with regard to the provision of mortgage brokerage and financial services in the relevant geographic market.

2.  Defendants have violated the Lanham Act and, more specifically, 15 U.S.C. § 1125(a) by causing actual confusion and/or the likelihood of confusion with Plaintiff's trade names/marks.

3.  Defendants' infringement was in bad faith, intentional, willful, conscious and knowing.

4.  Plaintiff is entitled to damages pursuant to 15 U.S.C. § 1117(a). Moreover, given that this is an exceptional case, plaintiff is entitled to an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a). Accordingly, the following judgment/damages are awarded:

    a.  Pursuant to 15 U.S.C. § 1117(a)(1), plaintiff is entitled to defendants' profits in the amount of $72,000.

    b.  Pursuant to 15 U.S.C. § 1117(a)(3), plaintiff is entitled to costs in the amount of $3,150.21.

    c.  Pursuant to 15 U.S.C. § 1117(a), plaintiff is entitled to reasonable attorney's fees in the amount of $58,233.50.

5.  This Court hereby enters judgment against defendants in the total sum of $133,383.71. Defendants are jointly and severally liable for the judgment and for the knowing, intentional, willful, conscious and knowing trademark / name infringement. Said judgment shall be paid within the next thirty (30) days.

6.  Further, the Preliminary Injunction entered by this Court's Order of May 18, 2006, is hereby made permanent pursuant to the standards set forth in *Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc.*, 747 F.2d 844, 850 (3d Cir. 1984), cert. denied, 471 U.S. 1137 (1985), and defendants are permanently enjoined as follows:

    a.  from using and/or operating under and/or registering under the trade name and/or trademark, "Day One Mortgage" and "Day One Mortgage, LLC";

    b.  from operating the website of www.day1mortgage.com, and shall not use

    that domain name to re-direct that site, its traffic or any business from that site, to any other site;

  c. from using any of the telephone numbers, including 412-421-6040 and 866-421-6040, fax numbers or roll-over numbers in any advertising, and shall immediately terminate those telephone numbers and not re-direct those numbers to any other numbers.

  d. from advertising a name change from Day One Mortgage to any other name, and shall not use the jingle phrase in the form: "If its not _____ Mortgage, then its not _____ Mortgage" in any advertising; and

  e. from asserting that it is affiliated with and/or the same entity as Plaintiff and from not disclosing in any and all advertisements that it is not affiliated with Plaintiff and Plaintiff's business.

7. The Court further orders as follows:

  a. The $15,000 security bond posted by plaintiff in relation to the May 18, 2006, preliminary injunction order shall immediately be released and refunded by the Clerk;

  b. Defendants shall transfer to plaintiff the ownership and control of the domain name www.day1mortgage.com, within ten (10) days of the date of this Order. The domain name was not identified by Defendant Zur Goldblum in any of his bankruptcy filings as his property or that of his estate.

  c. Defendants shall immediately transfer to plaintiff the ownership and control of the trademarks and/or tradenames, "Day One Mortgage" and/or

"Day One Mortgage, LLC." Defendant Goldblum did not identify such tradenames or trademarks in any of his bankruptcy filings as his property or that of his estate.

8. With the grant of this Motion, plaintiff has consented to the voluntary dismissal of the remaining Counts contained in its Complaint. Accordingly, such Counts III through X, are hereby voluntarily dismissed.

9. Judgment is hereby entered in favor of plaintiff and against defendants.

10. The Clerk shall mark the docket CLOSED.

SO ORDERED this 3rd day of January, 2007.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All counsel of record